## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| The First Mortgage Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 cv 6735 |
| v. | ) | Judge Moran |
| | ) | Magistrate Judge Cox |
| Michael Baser and America's Mortgage | ) | |
| Choice, LLC | ) | |

## DEFENDANT MICHAEL BASER'S MOTION FOR SUMMARY JUDGMENT ON COUNT VI AND TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

NOW COMES defendant, Michael Baser, by and through his attorney, Norman J. Lerum, pursuant to Rule 56 and Rule 12(b)(1) of the Federal Rules of Civil Procedure, and moves this Court for summary judgment on Count VI of the complaint and for dismissal of the plaintiff's action for lack of subject matter jurisdiction, and in support thereof, states as follows:

1.    The disputes between and among these parties began when the plaintiff, First Mortgage Corporation, filed a state court action against these same defendants in *The First Mortgage Corporation v. Michael Baser and America's Mortgage Choice, LLC,* Circuit Court of Cook County, Case No. 07 L 8424. The allegations and theories of recovery in the state court complaint are virtually identical to the allegations in the complaint filed in this Court: breach of fiduciary duty against defendant Baser (Count I -- both complaints); inducing breach of fiduciary duty against defendant America's

Mortgage (Count II -- both complaints); breach of contract against defendant Baser (Count III -- both complaints); tortious interference with contract against defendant America's Mortgage (Count IV -- both complaints); misappropriation of trade secrets against both defendants (Count VI -- state court complaint, Count V -- federal court complaint); and violation of the Computer Fraud And Abuse Act, 18 U.S.C. §1030 against both defendants (Count VII -- state court complaint, and Count VI -- federal court complaint).

2.      After the defendants filed motions to dismiss the state court action under 735 ILCS §2-615, the plaintiff voluntarily dismissed its state court action on October 30, 2007, and then initiated this action by filing its complaint in federal court on November 30, 2007.

3.      Plaintiff invokes 28 U.S.C. §1331 as the basis of federal court jurisdiction by bootstrapping its presence in this Court on Count VI of the complaint, a claim under the Computer Fraud And Abuse Act, 18 U.S.C. §1030.  The other five counts in plaintiff's complaint are based in contract and tort and do not give rise to federal jurisdiction between non-diverse parties except under the supplemental jurisdiction provisions of 28 U.S.C. §1367.

4.      Plaintiff alleges that defendant Baser violated 18 U.S.C. §1030(a)(2)(A) and (C) which provides as following:

(a)     Whoever --

(2)     intentionally accesses a computer without authorization or
        exceeds authorized access, and thereby obtains--

-2-

(A)   information contained in a financial record of a financial institution, or of a card issuer as defined in §1602(n) of title 15 or contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681 *et seq.*);

(C)   information from any protected computer if the conduct involved an interstate or foreign communication;

5.    Plaintiff further alleges in paragraph 101 of the complaint that it has a civil action, pursuant to 18 U.S.C. §1030(g), against defendant Baser, based on the alleged violations of 18 U.S.C. §1030(a)(2)(A) and (C) because it suffered loss or damages under 18 U.S.C. §1030(a)(5)(B)(i), which provides:

(B)   by conduct described in clause (i), (ii) or (iii) of subparagraph (A), caused (or, in the case of an attempted offense, would, if completed, have caused) --

(i)   loss to 1 or more persons during any 1 - year period (and, for purposes of an investigation, prosecution or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;

6.    The term "exceeds authorized access" under 18 U.S.C. §1030(e)(6) "means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accessor is not entitled so to obtain or alter;" see *International Airport Centers, L.L.C., et al. v. Citrin,* 440 F.3d 418 (7th Cir., 2006); *Worldspan, L.P. v. Orbitz, LLC,* 2006 W.L. 1069128 (N.D. Ill., Grady, J.).

7.    Filed in support of this motion is the affidavit of defendant Michael Baser.

The affidavit of Michael Baser establishes that at no time did he "exceed his authority" with respect to any computer in which the plaintiff had an interest. The defendant Baser, who paid $50,000 to become a 3.5% owner of the plaintiff, had already developed approximately 350 contacts as potential customers when he associated with the plaintiff (Baser affidavit, paragraphs 2-9). No contact or potential customer on Baser's list was provided to him by the plaintiff. Rather, Baser developed all his contacts on his own through friends, family, prior business contacts, or established contacts (Baser affidavit, paragraph 8).

8.      The defendant Baser had access to only two laptop computers with the authority and permission of the plaintiff by the use of an exclusive password (Baser affidavit, paragraphs 11 and 12). One laptop was for Baser's exclusive use. The other laptop was for Baser's assistant, who was compensated by Baser alone out of his commissions and not by the plaintiff. Both the plaintiff and Baser each contributed 50% toward the purchase of the assistant's laptop (Baser affidavit, paragraph 11). Baser never accessed any other computer owned or operated by the plaintiff (Baser affidavit, paragraph 12).

9.      Baser received permission from the plaintiff to install and use three software programs on his laptop. Two of these three software programs were installed on his assistant's laptop, again with the permission of the plaintiff. The three software programs are known as "By Referral Only," "Encompass," and "Mortgage Coach," and they are all available to the public on the open market (Baser affidavit, paragraphs 13

-4-

through 16).

10.    When the defendant Baser returned the two laptops to the plaintiff after his resignation, all the information that he or his assistant put into the computers was still intact (Baser affidavit, paragraph 18). Baser deleted the "Mortgage Coach" software program because he alone purchased the program and its license, and did not wish to incur additional annual licensing fees while it was in the hands of a non-licensed user, the plaintiff (Baser affidavit, paragraph 19). However, the "Mortgage Coach" software program is merely a marketing tool that shows potential customers different mortgage scenarios under different mortgage terms, which is available to the public on the market (Baser affidavit, paragraph 16).

11.    The defendant Baser did not "exceed his authority" under 18 U.S.C. §1030 and obtain information from any "protected computer" that he was not authorized to obtain. Baser admits that he copied from his own laptop his information about contacts, potential customers, and customers that he personally developed both before and during his association with the plaintiff. This same customer information was given to the plaintiff upon the return of the two laptop computers (Baser affidavit, paragraphs 18 and 21).

12.    The defendant Baser never signed a contract with the plaintiff providing that any contacts made by Baser as potential customers were confidential or proprietary to the plaintiff. No such contract exists. Section 112 of the Employee Handbook, attached to the complaint, does not impose contractual obligations on either Baser or the

plaintiff. The definition of "Confidential Business Information" in Section 112 of the Employee Handbook does not include contact information for potential customers developed by a mortgage broker himself. Moreover, the contact information about potential customers obtained by Baser is not, as a matter of Illinois law, considered confidential, protectable as a legitimate business interest, or proprietary for the plaintiff because the plaintiff did not have near-permanent relationships with the persons on Baser's customer list nor did the plaintiff develop the list over a number of years at great expense, and under tight security. *Lifetec, Inc. v. Edwards,* 377 Ill.App.3d 260, 2007, W.L. 3312473 (Ill.App. 4th Dist., 2007); *A. J. Dralle, Inc. v. Air Technologies, Inc.,* 255 Ill.App.3d 982, 194 Ill.Dec. 353, 627 N.E.2d 690 (1994); *Lawrence And Allen, Inc. v. Cambridge Human Resource Group, Inc.,* 292 Ill.App.3d 131, 685 N.E.2d 434, 226 Ill.Dec. 331 (2d Dist., 1997); *Unisource Worldwide, Inc. v. Carrara,* 244 F.Supp.2d 977 (C.D.Ill., 2003).

13.    Summary judgment in favor of defendant Michael Baser and against the plaintiff on Count VI of the complaint is warranted for the following reasons:

    a.    Defendant Baser had the authority to use the two laptop computers used by himself and his assistant, with Baser's exclusive password, without restrictions as to the access of any information contained on the laptops;

    b.    The software programs installed on the two laptops and all the information relating to customers or potential customers or developed by defendant Michael Baser and placed into the computers by defendant Michael Baser or his assistant, who was wholly compensated and acted at the direction of defendant Michael Baser;

    c.    There was no information or software program installed on the two laptop computers that defendant Michael Baser was not

entitled to use or obtain either by contract between the parties or under Illinois law;

d.     Neither the software programs, nor the information contained on the two laptop computers were confidential, proprietary, secret, or protectable under Illinois law or by contract in favor of the plaintiff. The contact information of customers and potential customers developed by defendant Michael Baser was not protectable or confidential in favor of the plaintiff under Illinois law;

e.     The plaintiff was under no prohibition or restriction either by contract between the parties or under Illinois with respect to his access or copying of the information contained on the two laptops;

f.     No information in the two laptop computers returned by defendant Michael Baser to the plaintiff was destroyed or altered. All information on the two laptop computers was returned intact by defendant Baser to the plaintiff when he returned the two laptop computers to the plaintiff;

g.     The three software programs themselves on the two laptop computers are off the shelf programs available for purchase by the public. The software programs were not developed by the plaintiff; they are not unique to the plaintiff; and the plaintiff did not add any of its proprietary information or software to these off the shelf programs;

h.     One of the three software programs entitled "Mortgage Coach" was purchased solely by defendant Michael Baser and used as a marketing tool with the permission and encouragement of the plaintiff. The license to the "Mortgage Coach" software program was purchased by the plaintiff, and by contract, the plaintiff was obligated to pay annual licensing fees for the continued use of the "Mortgage Coach" software program. The plaintiff did not have any rights to the retention or use of the "Mortgage Coach" software program that defendant Michael Baser removed from one of the laptop computers before returning it to the plaintiff.

14.     Based on the foregoing facts, which defendant Michael Baser believes are undisputed, there are no genuine issues of material fact to be decided by a fact finder under 18 U.S.C. §1030(a)(2)(A) and (C).

15.     Nor is there a genuine issue of material fact as to whether the plaintiff

suffered a loss or damage under 18 U.S.C. §1030(a)(5)(B)(i). The plaintiff returned one of the two laptop computers to the defendant Baser after Baser reimbursed the plaintiff 50% of the purchase price and after the plaintiff removed all of defendant Baser's information and software programs. The other laptop retained by the plaintiff was an older Gateway laptop which contained all the information placed into it by defendant Michael Baser. The older Gateway laptop computer retained by the plaintiff was not compromised in any way by defendant Michael Baser. The plaintiff cannot fabricate a cause of action under the Computer Fraud and Abuse Act and satisfy 18 U.S.C. §1030(a)(5)(B)(i) by alleging damages as a result of a covenant not to compete. Damages that allegedly flow from a violation of a covenant not to compete are not the same damages or losses that must be demonstrated under 18 U.S.C. §1030 in order to maintain a civil action under the statute. "The additional types of damages awarded by courts under the Act have generally be limited to those costs necessary to assess the damage caused to the plaintiff's computer system or to resecure the system in the wake of a hacking attack." *Hasan v. Foley & Lardner, LLP,* 2007 W.L. 2225831 at pages 5, 6 of the slip opinion (N.D. Ill., James B. Zagel). In *Hasan,* summary judgment was granted to the plaintiff-counterdefendant because the defendant-counterplaintiff's alleged proof of damages under the statute was speculative.

16.    The plaintiff's alleged damages that may flow from any possible violation of a covenant not to compete are different from the losses and damages that directly resulted to its computer systems as a result of the conduct that is violative of the statute. In this case, the plaintiff can not satisfy the "loss" requirement under the statute

because it can not demonstrate that it suffered loss or damage in excess of $5,000 to the one old Gateway laptop computer it retained. For this reason alone, defendant Michael Baser is entitled to summary judgment on Count VI of the complaint. Without proof of a loss to its computer system under 18 U.S.C. §1030(a)(5)(B)(i), plaintiff has no civil action under 18 U.S.C. §1030(g).

17.    This motion is also brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure as a substantive challenge to plaintiff's assertions that this Court has subject matter jurisdiction over this action. Any party may bring forth substantive evidence and affidavits under Rule 12(b)(1) to determine whether subject matter jurisdiction exists. *Durst v. Illinois Farmers Insurance Company*, 2005 W.L. 2007221 (N.D. Ill., Deryeghiayan, J.); *White v. Bruno*, 2005 W.L. 30954 (N.D. Ill., Deryeghiayan, J.); *Habtemicael v. Saudia, A/K/A Saudia of Saudi Arabian Airlines, et al.*, 1995 W.L. 443940 (N.D. Ill., Coar, J.). The affidavit of defendant Michael Baser, the allegations of the complaint, and the documents attached to the complaint establish that this Court does not have subject matter jurisdiction over this action because the plaintiff has no civil action against the defendant Michael Baser under 18 U.S.C. §1030. "The general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendant state-law claims rather than resolving them on their merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir., 1998). See *Worldspan, LP, supra*, where the court dismissed the 18 U.S.C. §1030 claim and then dismissed the remaining pendant state law claims for lack of subject matter jurisdiction without prejudice to the refiling of the state law claims in state court.

When this Court grants summary judgment in favor of the plaintiff defendant Michael

Baser on Count VI of the complaint, it should then dismiss the action for lack of subject

matter jurisdiction without prejudice to the refiling of the remaining state law claims in

state court.

WHEREFORE, defendant Michael Baser respectfully requests that this Court

grant him summary judgment on Count VI of the complaint and then dismiss the action

for want of subject matter jurisdiction without prejudice to the refiling of the remaining

state law claims in state court.

Respectfully submitted,

Norman J. Lerum, Attorney for Defendant
Michael Baser

Norman J. Lerum, Esq.
Norman J. Lerum, P.C.
100 West Monroe Street/Suite 2100
Chicago, IL 60603-1913
ARDC # 1622854
Telephone:    312/782-1087
Facsimile:    312/782-3773