**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| The First Mortgage Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07 cv 6735 |
| v. ) | Judge Moran |
| ) | Magistrate Judge Cox |
| Michael Baser and America's Mortgage ) | |
| Choice, LLC ) | |
| Defendants ) | |

**DEFENDANT MICHAEL BASER'S LOCAL RULE 56.1 STATEMENT**

NOW COMES defendant Michael Baser, by and through his attorney, Norman J. Lerum, and for his Local Rule 56.1 Statement of material facts in support of his motion for summary judgment on Count VI of the complaint, states as follows:

The following are material facts as to which defendant Michael Baser contends there is no genuine issue, and which entitles defendant Michael Baser to a judgment as a matter of law on Count VI of the complaint:

1. The plaintiff, The First Mortgage Corporation, an Illinois corporation, is a residential mortgage lender with headquarters in Flossmoor, Illinois. Complaint, paragraph 2; Baser affidavit, paragraph 2.

2. There is no diversity between and among the parties under 28 U.S.C. §1332, and the plaintiff does not invoke jurisdiction under 28 U.S.C. §1332. Complaint, paragraph 8.

3. The only basis of jurisdiction asserted by the plaintiff at paragraph 8 of the complaint is 28 U.S.C. §1331. The only federal law referenced in the plaintiff's

-1-

complaint is the Computer Fraud and Abuse Act, 18 U.S.C. §1030 in Count VI of the complaint. The remaining counts sound in contract or tort and are governed by Illinois law.

4. Defendant Michael Baser was a mortgage broker duly licensed in the State of Illinois. Baser affidavit, paragraphs 1, 9.

5. On or about January 19, 2005, Michael Baser became a shareholder in the First Mortgage Corporation. He paid $50,000 to the First Mortgage Corporation in exchange for an approximate 3.5 percent ownership interest in the corporation. Baser owns 750 shares of common stock in the plaintiff. Complaint, paragraph 2; Baser affidavit, paragraphs 2, 3, 4, and 5.

6. When Baser first became associated with the First Mortgage Corporation in February, 2004 as a mortgage loan officer, he had already developed a list of approximately 350 people with whom he had established a relationship through family, friends, or contacts from his prior employment situations, one of which was in the position of mortgage loan officer with Draper & Kramer. Baser affidavit, paragraphs 7 and 8.

7. After Baser was associated with the First Mortgage Corporation, each and every customer or contact added to his list was developed by him personally or obtained from a referral from one of his established contacts, a friend, or family. No person on Baser's list of customers or contacts was provided to him by the First Mortgage Corporation. All the customers or contacts on his list arose from his personal

relationships with those persons. Baser affidavit, paragraph 8.

8. Since June, 2004, Baser worked at the First Mortgage Corporation strictly on a commission basis without a salary. Baser affidavit, paragraph 10.

9. The First Mortgage Corporation provided Baser with two laptop computers. The one provided to Baser personally was an older Gateway laptop, which was returned when Baser resigned from the company in July, 2007. The second laptop computer was purchased by Baser for an assistant he hired and wholly compensated in March, 2007. When Baser resigned, he turned in his assistant's laptop, and then subsequently reimbursed the company its fifty percent contribution that it made toward the purchase price of the laptop in exchange for the computer's return back to Baser. These two laptop computers relating to the business of the First Mortgage Corporation were the only two computers which Baser had the ability to access with a password provided by the company. There were no other computers, either laptops or PC-type computers at the offices of the First Mortgage Corporation which were accessible to Baser. Baser affidavit, paragraphs 11 and 12.

10. During the course of his work at the First Mortgage Corporation, Baser's laptop computer contained the following software programs: (a) "By Referral Only" which is a web-based program that was password protected, (b) "Encompass" a loan origination software program, and (c) "Mortgage Coach," a software program that compares loan scenarios. The Gateway laptop operated by Baser's assistant contained only "By Referral Only" and "Encompass." Baser obtained permission from the plaintiff

-3-

to install and use these software programs on the two Gateway laptop computers. Baser affidavit, paragraph 13.

11. The purchase price and the annual license fees for "By Referral Only" were paid on a 50/50 basis by Baser and the plaintiff. This software program is available to the public on the open market. Baser installed his pre-existing customer information, as well as customer information he developed while at the company, in the "By Referral Only" program. The "Customer Information" consisted of name, address, social security number, telephone number or other contact information, and, if applicable, loan information about their particular loan. "By Referral Only" does not contain a function known in the business as loan origination software (LOS). Baser affidavit, paragraph 14.

12. "Encompass" is a software program that is available to the public on the open market and is used widely by loan officers, brokers and other personnel in the mortgage business. "Encompass" software (LOS) allows the user to obtain a credit rating on a potential customer and also prepares and prints forms acceptable to Fannie Mae with information that is specific to the mortgage transaction. Baser affidavit, paragraph 15.

13. "Mortgage Coach" is also available to the public on the open market. Baser paid the full purchase price for the "Mortgage Coach" software, and its license, as well as all annual fees, without any contribution from the First Mortgage Corporation. Baser was given permission by the plaintiff to use "Mortgage Coach" in conjunction with "Encompass" in order to show potential customers different mortgage scenarios under

different terms for marketing purposes. Baser affidavit, paragraph 16.

14.   Baser resigned from the plaintiff because he was not receiving honest information from the plaintiff about his commissions and fees earned by the company on transactions with his customers and because commissions paid to Baser by the plaintiff were less than commissions paid to other shareholder/brokers who had made the same investment in the company as Baser. Baser affidavit, paragraph 17.

15.   When Baser resigned, he returned to the plaintiff both Gateway laptop computers. No information about customers on either laptop computer was deleted. All information on both computers was intact as the information was originally placed in the computer. Baser affidavit, paragraph 18.

16.   Baser deleted his "Mortgage Coach" software program from his older Gateway laptop because he paid for the program, owned the license, and paid the annual fees. The plaintiff had no right to the "Mortgage Coach" software program that was paid for and licensed to Michael Baser. However, any information that had been "saved" from Baser's use of the "Mortgage Coach" software program was still intact on the computer and had not been deleted. Baser affidavit, paragraph 19.

17.   Baser retained his "Customer Information" from the "By Referral Only" program because those contacts, customers, and potential customers, and the information about them, were developed by him, and not the plaintiff. However, the same customer information that Baser retained was given, without any deletions, to the plaintiff with the return of the two Gateway laptop computers. Baser affidavit,

paragraph 20.

18. When Baser returned his assistant's newer Gateway laptop computer, all the information placed into the computer by himself or his assistant was still intact without any deletions. When the plaintiff gave the newer Gateway laptop computer back to Baser after he reimbursed the company for one-half the purchase price, the plaintiff had deleted all the information that once existed on the computer. Baser affidavit, paragraph 21.

19. Baser did not exceed his authority or permission to access any information or use the software program on the two laptop computers used by him in association with the plaintiff's business. Baser affidavit, paragraph 22.

20. Baser did not damage, alter, or destroy any information on the two laptop computers that he used in conjunction with the plaintiff's business. Baser affidavit, paragraph 22.

21. The plaintiff has refused to repurchase Baser's shares, and Baser is still a shareholder of the plaintiff by reason of his $50,000 investment in the company and his execution of a certain shareholder agreement with the company. Baser affidavit, paragraph 23.

22. The assistant whom he hired in March, 2007 was paid exclusively by Michael Baser and not by the First Mortgage Corporation, out of Baser's earned commissions. Baser affidavit, paragraph 26.

23. Baser's assistant acted solely at his discretion and under his control, and

not under the supervision and/or control of the First Mortgage Corporation. Baser affidavit, paragraph 27.

24. Any and all methods of compiling and/or classifying information about Baser's contacts, customers, and/or potential customers were at Baser's direction within the three software programs installed on the two laptop computers. The First Mortgage Corporation did not have any input, or contribution to, the method by which Baser's contact information was stored. Baser affidavit, paragraph 28.

25. At no time did the plaintiff, the First Mortgage Corporation, exercise any control over Baser with respect to his creation of contact information on the three software programs or on Baser's ability to access contact information from the two laptop computers. Baser affidavit, paragraph 29.

26. The plaintiff, the First Mortgage Corporation, has not spent any money on research and/or development of Baser's contact information, which was created solely by Baser with his own efforts. Baser affidavit, paragraph 30.

27. Section 101 of the Employee Handbook referenced in the complaint states on its face: "It [this Handbook] is not an employment contract and is not intended to create contractual obligations of any kind." Baser's understanding was that the Employee Handbook did not create contractual obligations on either himself or on the part of the plaintiff, First Mortgage Corporation. Baser affidavit, paragraph 31.

28. Baser never signed a nondisclosure agreement as a condition of his employment. Baser affidavit, paragraph 32.

29. Baser was not contractually bound by Section 112 of the Employee Handbook referenced in the complaint. Section 112 of the Employee Handbook does not include the identities of any contacts, customers, or potential customers in its definition of "confidential business information" and "trade secrets" of the plaintiff. Baser affidavit, paragraph 32; Exhibit B attached to the complaint.

30. There has been no loss or damage to any computer system or to the integrity or availability of any computer data suffered by the First Mortgage Corporation as a result of Baser's use or access to the two laptop computers. All information stored on the two computers were returned to the First Mortgage Corportation. After the First Mortgage Corporation deleted all information on one of the laptops, it gave back one laptop to defendant Baser. There was no damage to the other laptop computer or to any information contained in the computer. Baser affidavit, paragraph 33.

31. An action was previously filed by the First Mortgage Corporation in the Circuit Court of Cook County against Baser which was voluntarily dismissed by the First Mortgage Corporation on October 30, 2007. Baser affidavit, paragraph 34 and Exhibits A and B attached to the Baser affidavit.

Respectfully submitted,

_____
Norman J. Lerum, Attorney for Defendant
Michael Baser

Norman J. Lerum, Esq.
Norman J. Lerum, P.C.
100 West Monroe Street
Suite 2100
Chicago, IL 60603-1913
ARDC # 1622854
Telephone:　312/782-1087
Facsimile:　　312/782-3773