IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE FIRST MORTGAGE CORPORATION, ) ) ) Plaintiff, ) ) v. ) ) MICHAEL BASER and ) AMERICA'S MORTGAGE CHOICE, ) LLC ) ) Defendants. ) | Case No. 07 C 6735<br><br>Judge James B. Moran<br><br>Magistrate Judge Susan E. Cox |

**PLAINTIFF'S RULE 56(f) RESPONSE TO**
**DEFENDANT MICHAEL BASER'S MOTION FOR SUMMARY JUDGMENT**

Before any discovery has taken place in this litigation, Defendant Michael Baser ("Baser") has moved for summary judgment ("Baser's Motion"). Although Baser's Motion is hardly a model of clarity, he appears to argue that he is entitled to summary judgment on the Computer Fraud and Abuse Act ("CFAA") because (1) Baser did not exceed his authorized access to Plaintiff The First Mortgage Corporation's ("First Mortgage") protected computer system, and (2) First Mortgage cannot meet the $5,000 threshold for damages required by the CFAA. The parties have engaged in no discovery to date. The Court has not even set a deadline for completing fact discovery. Consequently, pursuant to Fed.R.Civ.Pro. 56(f), First Mortgage respectfully requests that this Court deny Baser's Motion. Alternatively, if the court does not deny Baser's Motion, First Mortgage asks the Court to continue it until First Mortgage can conduct discovery relevant to responding to the motion. In support of its Motion, First Mortgage

offers its accompanying Rule 56(f) Declaration (attached as Exhibit 4)[1] and states the following:

## INTRODUCTION

Baser worked as a mortgage lender for First Mortgage, one of the leading residential mortgage lenders in the Chicagoland area, from February 2004 until he resigned in July 2007.  Compl. ¶ 12.  In January 2005, Baser became a shareholder and signed a Shareholder Agreement in which he agreed, among other things, that, for one year after he ceased being a shareholder, he would not engage in competitive business within 50 miles of First Mortgage's Flossmoor, Illinois location, he would not solicit First Mortgage customers and he would not solicit First Mortgage employees to leave the corporation.  Compl. ¶¶ 18-19.

While working for First Mortgage, Baser used First Mortgage's name, reputation and resources to develop a client base on First Mortgage's behalf.  Compl. ¶ 32.  In a position of trust at the corporation, Baser had access to the First Mortgage electronic database containing confidential customer information, which was stored on First Mortgage's computer system and resided in a program called Encompass ("First Mortgage database").  Compl. ¶¶ 33-34.  In addition, Baser stored First Mortgage's confidential customer information in other computer-based programs, including By Referral Only, The Mortgage Coach and Microsoft Excel.  Compl. ¶¶ 36-38.

Baser resigned from First Mortgage on July 5, 2007 so that he could begin working for defendant America's Mortgage Choice, LLC ("AMC"), a competitor of First Mortgage operating within 50 miles of First Mortgage's Flossmoor office.  Compl. ¶¶ 28,

---

[1] A "'court may disregard a failure [to present an affidavit]'" where a party's Rule 56(f) request "'clearly sets out the justification for the continuance.'"  *Polish Am. Congress v. City of Chicago*, 226 F. Supp. 2d 930, 937-38 (N.D. Ill. 2002) (citation omitted).

47. Baser began collaborating with AMC to steal First Mortgage's electronic confidential customer information weeks, and perhaps months, before his official resignation. He communicated via email with Dylan Kramer ("Kramer"), CEO of AMC, as early as June 14, 2007. Exhibit 1 (Screenshot of Baser's Yahoo! email inbox showing email from Dylan Kramer dated June 14, 2007). He exchanged emails with Joanne Hurley, AMC's attorney, regarding an "Engagement Letter"—a letter which presumably outlines the terms of Baser's employment with AMC—as early as June 21, 2007, two weeks before he resigned from First Mortgage. *Id*. He purchased a computer to use while employed by America's Mortgage on June 26, 2007, over a week before he resigned. Exhibit 2 (June 26, 2007 email exchange between Baser and Kramer). Baser sent these emails from his First Mortgage-issued laptop computer.

Even more disturbing is the fact that, on June 28, 2007, nearly one week before he resigned, Baser and AMC collaborated to steal the confidential customer information residing the First Mortgage database. Exhibit 3 (June 28, 2007 Email from Kramer to Adam Collins ("June 28 email")). In the June 28 email, Kramer asked Adam Collins, presumably an AMC employee, "if an LO [loan officer] exports a file or files to Fannie format if it leaves a 'digital trail' in Encompass? Will management know if someone is taking the files that way?" *Id*. Baser was copied on this email. The June 28 email, like the others, was retrieved from Baser's First Mortgage-issued laptop computer.

The above emails are likely only the tip of the iceberg. Because the case is in its infancy, no discovery has taken place, and First Mortgage has neither requested nor received any documents from any party, nor has First Mortgage had the opportunity to depose Baser or any AMC employees. Discovery will likely yield additional evidence

3

to support the fact that Baser exceeded his access to First Mortgage's computer system by stealing files that he had no right to take. Despite the early procedural posture of this litigation, Baser has asked the Court to grant his motion for summary judgment, filed in lieu of answering First Mortgage's complaint. As support, Baser offers only his own affidavit.

Baser's Motion is premature. The parties have not exchanged Rule 26(a) disclosures, they have not had a Rule 26(f) conference, and the Court has not held an initial status hearing. Consequently, pursuant to Fed.R.Civ.Pro. 26(d), no discovery has taken place. Rule 56 does not permit summary judgment under these circumstances. Until First Mortgage has had the chance to conduct discovery, Baser's Motion should either be denied outright, or stayed until discovery can be completed.

## ARGUMENT

Rule 56(f) of the permits the court to continue summary judgment proceedings where a party demonstrates that further discovery is necessary to oppose a summary judgment motion. *SB Designs v. Reebok Int'l, Ltd.*, 338 F. Supp. 2d 904, 911 (N.D. Ill. 2004). "Rule 56(f) . . . allows a summary judgment motion to be denied, or a hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 2554 (1986). The rule provides:

> **When Affidavits Are Unavailable.** If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

4

Fed. R. Civ. P. 56(f).  Assuming the movant makes the proper showing, the rule gives the Court three choices – deny the motion for summary judgment, continue it until the non-movant can take the relevant depositions or obtain other discovery, or issue any other "just order."[2]

To prevail on its request for relief under Rule 56(f), First Mortgage need only (1) point to specific evidence that it reasonably believes it will discover if given additional time, and (2) demonstrate that it has not been dilatory in pursuing the necessary discovery.  *See United States v. Bob Stofer Oldsmobile-Cadillac, Inc.*, 766 F.2d 1147, 1152-53 (7th Cir. 1985).  First Mortgage satisfies both requirements.  As a result, Baser's motion for summary judgment should be denied, or in the alternative, continued until First Mortgage has gathered evidence necessary to respond.

## I.    FIRST MORTGAGE CANNOT ADEQUATELY RESPOND TO BASER'S MOTION BECAUSE IT LACKS ESSENTIAL DISCOVERY.

### A.    Baser's Motion on $5,000 Damages is Premature.

Baser claims that there is no genuine issue of material fact as to whether First Mortgage suffered a loss or damage of $5,000 as required by the CFAA.[3]   Baser has offered no support for this proposition, claiming only that damages for violation of a covenant not to compete are not the same as damages for violating the CFAA.  Baser Motion at ¶¶ 15-16.  Baser's Motion should be denied.

---

[2] First Mortgage has not submitted a response to Baser's Motion because to do so would render moot the Rule 56(f) relief requested.  *See SB Designs*, 338 F. Supp. 2d at 911 ("The plain language and purpose of [Rule 56(f)] dictate that such affidavits are to be filed *before* the response to summary judgment, not as an attachment to the response, at which point a continuance is moot.").

[3] Baser's Motion misstates the allegations contained in First Mortgage's complaint. *Compare* Baser's Motion at ¶ 5 *with* First Mortgage's complaint at ¶ 101.  Baser's Motion also ignores First Mortgage's claim for relief under 18 U.S.C. § 1030(a)(4).  Compl. ¶ 100.

To begin, First Mortgage believes that it can meet the $5,000 threshold. The CFAA defines loss to include "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. §1030(e)(11). Damage is defined as "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8). Loss of business and business goodwill constitute damage under the CFAA. *Creative Computing v. Getloaded.com LLC*, 386 F.3d 930, 935 (9th Cir. 2004). At this time, First Mortgage has already incurred damages by examining Baser's First Mortgage-issued laptop computer and by not using that computer while this litigation ensues.

In addition, First Mortgage will likely incur additional damages. Under the plain language of the CFAA, an aggrieved party must incur $5,000 in damages during a one-year period. 18 U.S.C. § 1030(a)(5)(B)(i). *See also Creative Computing*, 386 F.3d at 934 ("[T]he $5,000 floor applies to how much damage or loss there is to the victim over a one-year period."). Baser resigned from First Mortgage and returned his First Mortgage-issued laptop computer in July 2007, only seven months ago. Thus, First Mortgage will incur additional losses—including examining Baser's home and AMC-issued computers—as this litigation continues.

**B.    First Mortgage Needs Discovery on the Fact Issue of Whether Baser Exceeded Authorized Access to Its Protected System.**

Baser's Motion also appears to argue that because he had authority to use First Mortgage's computers to access and copy First Mortgage's confidential information and because he did not alter or destroy any information on these computers, Baser did not

6

exceed authorized access to First Mortgage's system. Baser's Motion at ¶ 13. At the same time, Baser admits that he copied First Mortgage's customer information. *Id.* at 11. Baser's Motion begs the question of whether Baser exceeded authorized access to First Mortgage's protected computers by improperly copying and retaining First Mortgage's confidential information and using that information in a manner contrary to First Mortgage's interests, an issue on which no discovery has yet been conducted.

The only evidence that First Mortgage has gathered to date is what it was able to glean from Baser's First Mortgage-issued laptop computer. An examination of that computer revealed that Baser began communicating with AMC weeks before he resigned and that he consulted with AMC's attorney before he resigned. *See* Exs. 1, 2. Most importantly, the June 28 email shows that Baser and AMC were trying to cover their tracks when they stole First Mortgage's confidential customer information. *See* Ex. 3. Despite these emails, Baser has moved for summary judgment before First Mortgage has had the chance to obtain any additional evidence to support its argument that Baser exceeded his access to First Mortgage's computer system by taking what was not his. The Court should deny Baser's Motion.

In order to show that Baser exceeded his access to First Mortgage's computer system and to properly respond to Baser's Motion, First Mortgage requires the following discovery, which is in Baser's and AMC's possession:

- First Mortgage needs documents from Baser and AMC to establish that Baser exceeded authorized access to First Mortgage's confidential databases by copying and using First Mortgage's information for his and AMC's benefit. At the very least, First Mortgage needs communications between Baser and AMC, and between AMC employees, to show that this happened. First Mortgage is also entitled to documents or information that Baser provided AMC, such as any electronic databases.

7

- First Mortgage needs to depose Baser. For one, First Mortgage should not have to rely upon Baser's unsupported statements that he did not "exceed authorized access" to First Mortgage's computers without the opportunity to question those statements. Additionally, First Mortgage should be allowed to question Baser about his contacts and relationship with AMC, the information he took from First Mortgage and the manner in which he is currently using that information, among other things.

- First Mortgage needs to examine certain AMC employees, including but not limited to Dylan Kramer and a Rule 30(b)(6) witness, regarding their contacts and relationship with Baser. In particular, First Mortgage needs to know what communications AMC had with Baser and when, whether anyone at AMC asked Baser to copy First Mortgage's information, or whether Baser said that he would copy First Mortgage's information.

- First Mortgage needs to examine Baser's home computer and any computers that he has used while working at AMC to determine what information, if any, he took from First Mortgage. Baser insists in his affidavit that he never "gain[ed] access to any computer [other than his First Mortgage-issued laptops] that contained information relating to the business of The First Mortgage Corporation." Affidavit of Michael Baser at ¶ 12. Despite this contention, Baser could have accessed and copied information from one of First Mortgage's databases remotely from a different computer. First Mortgage is entitled to examine these computers prior to responding to Baser's Motion. This examination is especially important given the June 28 email, in which Kramer asked whether copying files from Encompass would leave a "digital trail."

The evidence described above is necessary for First Mortgage to establish that Baser exceeded authorized access to First Mortgage's protected computer system by copying First Mortgage's proprietary and confidential information without First Mortgage's authorization, and that he used that information in a manner contrary to First Mortgage's interests. The CFAA prohibits these actions. These issues cannot be resolved—as a matter of law—if First Mortgage does not have the opportunity to gather the above discovery.

## II.    FIRST MORTGAGE HAS NOT BEEN DILATORY IN PURSUING DISCOVERY.

First Mortgage has been diligent in prosecuting this case. First Mortgage filed its complaint against Baser and AMC on November 30, 2007. Since the complaint was filed, defendants sought—and received—numerous extensions of time for filing responsive pleadings. Baser finally responded on February 1, 2008 with the present summary judgment motion. AMC has not yet responded. As of the date of this motion, the Court has not held an initial status conference and has not set a deadline for completing fact discovery. The parties have not exchanged Rule 26(a) disclosures or held a Rule 26(f) conference. Therefore, pursuant to Federal Rule of Civil Procedure 26(d), First Mortgage has not issued any discovery requests, deposition notices or subpoenas.[4] There has been no delay in seeking discovery.

## CONCLUSION

Baser is attempting to make an end-run around First Mortgage's legitimate right to prosecute its case by moving for summary judgment before *any* discovery has been conducted, despite the fact that there remain fact issues to be resolved. First Mortgage needs discovery before it can properly respond to Baser's Motion. For the reasons stated above, First Mortgage respectfully requests that: the Court deny Baser's Motion, or continue the Motion until First Mortgage has had the opportunity to conduct discovery.

Dated: February 19, 2008

                                    Respectfully submitted,

                                    s/ Anna Eisner Seder
                                    One of the Attorneys for Plaintiff

---

[4] The Court's initial status hearing is set to take place on February 26, 2008.

Jose A. Lopez
Anna Eisner Seder
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
312.701.9300

## **CERTIFICATE OF SERVICE**

I, Anna Eisner Seder, an attorney, hereby certify and state that the foregoing **Plaintiff's Rule 56(f) Response to Defendant Michael Baser's Motion for Summary Judgment** was filed electronically with the Clerk of the Court using the CM/ECF system on this 19th day of February, 2008, which will automatically send email notifications of such filing to the following:

Norman J. Lerum, P.C.  
100 West Monroe Street  
Suite 2100  
Chicago, Illinois 60603  
Telephone: 312.782.1087  
Facsimile: 312.782.3773  

Richard J. Prendergast, Esq.  
111 West Washington Street  
Suite 1100  
Chicago, IL 60602  
Telephone: 312.641.0079  
Facsimile: 312.641.3562  

s/ Anna Eisner Seder