UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| The First Mortgage Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Michael Baser and America's Mortgage )<br>Choice, LLC )<br>)<br>Defendants. ) | Case No. 07 cv 6735<br>Judge James B. Moran<br>Magistrate Judge Susan E. Cox |

**REPLY BRIEF OF DEFENDANT MICHAEL BASER IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT ON COUNT VI AND TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.**

**BASER'S MOTION IS NOT IMPROPER OR PREMATURE**

Rule 56(b) expressly provides, "a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." Despite the shock and outrage expressed by the plaintiff in its response, it is entirely proper under Rule 56(b) for Michael Baser, as a defendant, to move for summary judgment at this time without filing an answer or engaging in the discovery process.

The nature of the action brought by the plaintiff opens the door for a motion for summary judgment at an early stage. Plaintiff's claim under the Computer Fraud and Abuse Act, 18 U.S.C. §1030, is necessarily based on Baser's conduct with respect to

*accessing* a "protected computer" owned by the plaintiff. In other words, the plaintiff should already possess the evidence supporting its claim based on a review of its computers and the data contained therein. In addition, if the plaintiff has been damaged in excess of $5,000 as a result of Baser's unauthorized access, then the plaintiff, again, should now know the nature and extent of its damage.

The evidence of whether or not defendant Michael Baser violated the Computer Fraud and Abuse Act comes directly from the "protected computers" of the plaintiff. The evidence does not come from Baser's personal knowledge, the computer he presently uses for his current work, or a computer at home, if any, used for personal reasons. If there is any evidence that Baser is liable to the plaintiff under the Act, then the evidence is already in the hands of the plaintiff.

Baser's affidavit, his Local Rule 56.1 statement of materials facts, and his motion for summary judgment indicate that Baser had access to only two laptop computers with the authority and permission of the plaintiff by the use of an exclusive password. Despite the plaintiff's suggestion to the contrary, there is no evidence that Baser accessed any other computer owned or operated by the plaintiff. It is sheer speculation on the part of the plaintiff to suggest that Baser may have accessed yet another computer without authorization. It has been eight months since Baser resigned. The plaintiff should have been able to come forward with some evidence that Baser accessed a computer other than the two laptops assigned to him and his assistant as identified in Baser's motion for summary judgment.

The only information available to Baser on the two laptop computers was contact information about customers or potential customers developed by Baser himself before and during his employment with the plaintiff and three off-the-shelf software programs that Baser used to market and process mortgages. Contrary to defendant's conclusory arguments in its response, this type of information and the software programs are not confidential or proprietary to plaintiff.

It is undisputed that the parties did not execute a confidentiality agreement. It is undisputed that no information was destroyed by Michael Baser. It is undisputed that Baser turned over to the plaintiff the two laptop computers containing all the foregoing information and software for its inspection and examination. It is undisputed that the plaintiff had ample opportunity to review and retrieve all the foregoing information and software programs from the two laptop computers.

The only evidence that the plaintiff produces are a couple email messages indicating that there was some discussion between Baser and his prospective employer, which is not a violation of any federal law. Moreover, that evidence does not indicate or suggest a conspiracy "to steal confidential customer information" belonging in any sense to the plaintiff.

The purpose of summary judgment procedure is "to secure the just, speedy and inexpensive determination of every action." Fed. Rule Civ. Proc. 1; *Celotex Corporation v. Catrett,* 477 US 317, 327, 106 S.Ct. 2548 (1986). The Seventh Circuit has repeatedly held that summary judgment is "the put up or shut up moment in a law suit, when a

party must show what evidence it has that would convince a trier of fact to accept its version of events," *Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 859 (7th Cir., 2005); *Hasan v. Foley & Lardner, LLP*, 2007 WL 2225831 (Zagel, N.D. Ill. 2007).

Sufficient and detailed facts have been presented to this Court in Baser's summary judgment papers to establish, without dispute, that he has not violated the Act under any of its provisions, nor has the plaintiff been damaged as required by the Act in order to sustain a civil claim.

## II.

### THE PLAINTIFF HAS NOT SHOWN SUFFICIENT JUSTIFICATION FOR RELIEF UNDER RULE 56(f)

The United States Court of Appeals for the Seventh Circuit in *Pfeil v. Rogers,* 757 F.2d 850 (7th Cir., 1985) provided the standard by which relief under Rule 56(f) should be tested:

> 'The law is clear that in order to obtain a continuance for further discovery or any other dispensation from the requirments of Rule 56(e), the opposing part must state in an affidavit the reasons for its inability to present an affidavit on personal knowledge' *Moon v. Central Intelligence Agency,* 514 F.Supp. 836 840 (S.D.N.Y. 1981) (citations omitted). A court may disregard a failure to formally comply with Rule 56(f) if the opposing party's request for a continuance clearly sets out the justification for the continuance (citations omitted).' *Pfeil, supra,* 757 F.2d 859 at 856.

The trial courts in the Northern District of Illinois have repeatedly held that a failure by the opposing party to present by affidavit facts essential to justify the party's opposition to the motion for summary judgment must "clearly" set forth the justification for the continuance. In addition, the request for the continuance "must be specific and

may not rely merely on speculation." *Ford v. Roth,* 1993 WL 96526 (Hart, N.D. Ill. 1993).

The plaintiff has failed to justify ignoring the requirements of Rule 56(e), Local Rule 56.1(b) and the applicable case law. Plaintiff responds to Baser's motion for summary judgment with argument containing unsupported facts and a two page declaration of counsel. The plaintiff fails to provide the Court with an affidavit from any officer, manager, or any employee with personal knowledge about the "protected computers," "confidential information" at issue or any other event giving rise to this action.

Instead, the declaration of Anna Eisner Seder, an attorney for the plaintiff, admits in paragraph 3 that the plaintiff examined a laptop computer issued to defendant Baser. However, the Seder declaration does not clearly state why the plaintiff cannot adequately respond to the statement of facts contained in Baser's Local Rule 56.1 statement of facts.

Plaintiff repeatedly states in a conclusory manner that Baser stole "confidential customer information." However, the plaintiff does not specifically identify the nature of that information, or the reason the information is confidential or proprietary.

If data was destroyed by Baser, the evidence of its destruction would already be apparent. The Seder affidavit does not state that any data of a protected computer owned by the plaintiff was destroyed.

Basically, the plaintiff simply asks for time to conduct general discovery to

"gather additional documents, depose Baser and perhaps some employees of defendant America's Mortgage Choice, and examine Baser's home and AMC-issued computers, before it is required to respond to Baser's Motion." Under the foregoing case law, this type of conclusory, general request for discovery is not sufficient justification to excuse the plaintiff's failure to respond appropriately, as required under the rules, to a properly filed and documented motion for summary judgment.

The plaintiff fails to identify what specific evidence could be obtained from a particular source that is essential to its opposition to Baser's motion for summary judgment. The plaintiff tacitly admits that it has no evidence to support its claim. Rule 56(f) requires more than simply insisting, "We have a right to discovery!" Again, the evidence of plaintiff's claims is in its own computers, not anywhere else. If there is no evidence in plaintiff's computers to support its claims against Baser, then there is no claim, and summary judgment should be granted.

Lastly, any evidence that Baser may be violating a covenant not to compete is irrelevant to whether or not he violated the Act by improperly *accessing* information contained in a "protected computer" owned by the plaintiff. Whether or not Baser has or has not violated a covenant not to compete is a matter for the state court. It is not an issue for this Court under the Computer Fraud and Abuse Act.

## CONCLUSION

For the foregoing reasons, defendant Michael Baser respectfully submits that his motion for summary judgment on Count VI and to dismiss for lack of subject matter

jurisdiction should be granted.

Respectfully submitted,

_____/s/ *Norman J. Lerum*_____
Norman J. Lerum, Attorney for Defendant Michael Baser

Norman J. Lerum, Esq.
Norman J. Lerum, P.C.
100 West Monroe Street/Suite 2100
Chicago, IL 60603-1913
ARDC # 1622854
Telephone:   312/782-1087
Facsimile:    312/782-3773