IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE FIRST MORTGAGE CORPORATION,<br><br>              Plaintiff,<br><br>v.<br><br>MICHAEL BASER and<br>AMERICA'S MORTGAGE CHOICE, LLC<br><br>              Defendants. | Case No. 07 C 6735<br><br>Judge James B. Moran<br><br>Magistrate Judge Susan E. Cox |

### PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff The First Mortgage Corporation ("First Mortgage") hereby objects to Defendant Michael Baser's ("Baser") subpoena to America's Mortgage Choice, Inc. ("AMC") and moves this Court to enter the proposed Protective Order in this matter attached hereto as Exhibit A. In support of this Motion, First Mortgage states the following:

**I.    BACKGROUND.**

1. On November 30, 2007, First Mortgage sued Baser for breach of contract, trade secret misappropriation, breach of fiduciary duty and for violating the Computer Fraud and Abuse Act. First Mortgage's complaint alleges that Baser terminated his employment with First Mortgage and began working for AMC in violation of his contract with First Mortgage and his fiduciary duties to First Mortgage, that when he left he stole First Mortgage's confidential and proprietary trade secret information in violation of the Illinois Trade Secret Misappropriation Act and that Baser violated the Computer Fraud and Abuse Act.

182776_1.DOC

2. Baser filed a motion for summary judgment on February 4, 2008. First Mortgage responded on February 19, 2008. On April 30, 2008, the Court ruled that First Mortgage was entitled to take Baser's deposition before briefing Baser's Motion for Summary Judgment. Currently pending before the Court are: (1) Baser's Motion to Set a Deadline for the Deposition of Defendant Michael Baser and for a Briefing Schedule on Defendant's Motion for Summary Judgment and (2) First Mortgage's Motion to Request Settlement Conference.

3. On April 25, 2008, First Mortgage and AMC entered into a settlement agreement ("Agreement") that ended AMC's involvement in this case. On May 29, 2008, the Court entered an Order dismissing AMC with prejudice. The May 29 Order also dismisses FMC's count for breach of contract against Baser with prejudice.

4. Baser was not involved in the negotiation of the Agreement, nor is he a party to the Agreement.

5. In April 2008, Baser's attorney informally requested a copy of the Agreement from counsel for AMC, who conveyed Baser's request to counsel for First Mortgage prior to producing the Agreement to Baser. First Mortgage agreed to produce certain portions of the Agreement on the condition that Baser agree in writing to keep the Agreement confidential. AMC did not produce the Agreement to Baser at that time.

6. On June 19, 2008, Baser issued a subpoena to AMC requesting a copy of the Agreement.[1] Counsel for AMC then asked counsel for First Mortgage if First Mortgage had any objections to AMC producing the Agreement to Baser. Baser has not requested a copy of the Agreement from First Mortgage.

---

[1] Baser sent First Mortgage a copy of the subpoena via U.S. Mail, which First Mortgage received on June 24, 2008.

2

7.  As counsel for First Mortgage has conveyed to both AMC's counsel and Baser's counsel, First Mortgage will produce the Agreement to Baser as long as Baser agrees in writing to keep its contents confidential. However, Baser's attorney refuses to agree to keep the Agreement confidential.

8.  As a result of Baser's refusal to keep the Agreement confidential, First Mortgage asks the Court to enter the protective order attached as Exhibit A protecting the confidentiality of the information contained in the Agreement.

## II.  ARGUMENT.

9.  Courts may enter a protective order so long as the moving party demonstrates good cause for the entry of such an order and the order conforms to the requirements specified by this Circuit. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945-46 (7th Cir. 1999) ("there is no objection to an order that allows the parties to keep . . . [a] properly demarcated category of legitimately confidential information out of the public record" upon a showing of good cause and providing a procedure for appeal). The "strong public policy favoring the settlement of claims" qualifies as a showing of good cause. *Daniels v. Bursey*, No. 03 C 1550, 2006 WL 468015, * 4 (N.D. Ill. Feb. 23, 2006) (citations omitted) (Ex. B).

10. In *Daniels*, the court ordered parties to a settlement agreement to provide a copy of that agreement to an attorney of record for plaintiffs on the condition that the plaintiffs' attorney would "'not disclose [the settlement agreement] or [its] contents to any person without first obtaining leave of court on a showing of good cause.'" *Daniels*, 2006 WL at * 1 (Ex. B). Plaintiffs' attorney twice violated this order by filing the settlement agreement with various courts. Upon the settling parties' motion, the court held the plaintiffs' attorney in civil contempt and filed him $500. Plaintiffs'

3

attorney moved for reconsideration of this decision. In denying the motion for reconsideration, the court held, in part, that protecting the settlement agreement from public disclosure was proper "because many litigants would be much less inclined to enter into settlement agreements if they were subject to being made public." *Id.* at *4.

11. In this case, First Mortgage and AMC agreed to keep the Agreement confidential. Baser is not a party to the Agreement. First Mortgage does not object to Baser receiving a copy of the Agreement and for its use in connection with this litigation, but, as First Mortgage and AMC agreed in the Agreement, First Mortgage wants to protect its terms from disclosure to the general public.

12. The proposed Protective Order is narrowly tailored to protect only the Settlement Agreement from disclosure. (Ex. A.) The proposed Protective Order provides Baser an avenue for producing the Settlement Agreement if he is asked to disclose all or parts of its contents to gain employment or if he is required to disclose its contents pursuant to a subpoena. (Ex. A at ¶ 4(f) (Agreement may be produced to "Other persons if agreed to in writing by both Parties or approved by First Mortgage or by further order of this Court."; ¶ 9 (disclosure "in response to a valid order by a court or other governmental body, or . . . otherwise required by law" not violation of Order as long as Baser gives First Mortgage ten business days' notice of such disclosure).

### III. CONCLUSION.

WHEREFORE, First Mortgage objects to Baser's subpoena and respectfully requests that the Court enter the proposed protective order attached hereto as Exhibit A.

4

Dated: July 2, 2008

                                  Respectfully submitted,

                                  s/ Anna Eisner Seder
                                Anna Eisner Seder (seder@sw.com)
                                One of the Attorneys for Plaintiff

Jose A. Lopez
Anna Eisner Seder
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
312.701.9300

5

Case 1:07-cv-06735  Document 47  Filed 07/02/2008  Page 6 of 6

## CERTIFICATE OF SERVICE

I, Anna Eisner Seder, an attorney, hereby certify and state that the foregoing **Plaintiff's Motion for Protective Order** was filed electronically with the Clerk of the Court using the CM/ECF system on this 2nd day of July, 2008, which will automatically send email notifications of such filing to the following:

Norman J. Lerum, P.C.
100 West Monroe Street
Suite 2100
Chicago, Illinois 60603
Telephone: 312.782.1087
Facsimile: 312.782.3773

s/ Anna Eisner Seder
6