# EXHIBIT A

Document3

IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE FIRST MORTGAGE CORPORATION, ) ) )                Plaintiff, ) ) v. ) ) ) MICHAEL BASER and ) AMERICA'S MORTGAGE CHOICE, ) LLC ) )               Defendants. ) | Case No. 07 C 6735 Judge James B. Moran Magistrate Judge Susan E. Cox |

### PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, it is hereby ORDERED:

1. Defendant Michael Baser ("Baser") has issued a subpoena to America's Mortgage Choice, Inc. ("AMC"), a defendant who has been dismissed with prejudice from this litigation, for a copy of the Settlement Agreement ("Settlement Agreement") entered into in this litigation between Plaintiff The First Mortgage Corporation ("First Mortgage") and AMC on April 25, 2008. This Protective Order ("Order") is designed to protect the confidential nature of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 26(c), without unduly encroaching on the public's right to be informed of judicial proceedings.

2. The Settlement Agreement shall be subject to this Order, and may be used only for purposes of preparation, trial, and appeal of this action. The Settlement Agreement shall be held in confidence by Baser and any other person or entity to whom it is disclosed, and may not be disclosed to any person or entity, except as permitted in this

Order. Access to the Settlement Agreement shall be permitted only to persons having access thereto under the terms of this Order.

   3. For purposes of this Order, the term "Party" or "Parties" refers to Baser and First Mortgage.

   4. The Settlement Agreement may be disclosed solely to the following persons ("Qualified Persons") who shall be bound by the terms of this Order. Qualified Persons are limited to:

   a) Counsel (whether "outside" or "inside") employed by any Party to assist in this Action, including partners, associates, and stenographic, paralegal and clerical employees in the respective law firms, and any personnel supplied by an independent contractor with whom such attorneys work in connection with this Action, including photocopying services (whether on-site or off-site), printing and binding services, computer input services and litigation support services, and stenographic employees and court reporters recording or transcribing testimony relating to this litigation;

   b) Any person who authored or received, prior to such disclosure, the Settlement Agreement;

   c) This Court, provided that the Settlement Agreement shall not be filed except under seal pursuant to Paragraph 9 of this Order;

   d) Experts or consultants (including their respective employees or support staff) retained by any Party in this Action; provided however that any such person to whom disclosure is to be made has been given a copy of this Order and has signed a copy of the Confidentiality Agreement attached hereto as Exhibit 1 establishing that the person has read this Order, understood it, and agreed to be bound by its terms and to be subject to the jurisdiction of this Court;

e) Actual or potential deposition, trial, or hearing witnesses who are being asked to testify concerning the Settlement Agreement and their counsel; provided however that any such person to whom disclosure is to be made has been given a copy of this Order and has signed a copy of the Confidentiality Agreement attached hereto as Exhibit 1 establishing that the person has read this Order, understood it, and agreed to be bound by its terms and to be subject to the jurisdiction of this Court; and

f) Other persons if agreed to in writing by both Parties or approved by First Mortgage or by further order of this Court; provided however that any such person to whom disclosure is to be made has been given a copy of this Order and has signed a copy of the Confidentiality Agreement attached hereto as Exhibit 1 establishing that the person has read this Order, understood it, and agreed to be bound by its terms and to be subject to the jurisdiction of this Court.

5. The executed Confidentiality Agreement shall be maintained by counsel for the Party employing the party, consultant or expert, and a copy of it shall be provided to counsel for all Parties.

6. Any interested member of the public may challenge the propriety of the confidentiality designation of the Settlement Agreement. A party or an interested member of the public shall not be obligated to challenge the propriety of the confidential designation and a failure to do so shall not preclude a subsequent challenge of the propriety of such designation. If the challenge of confidentiality is not able to be resolved by agreement within seven (7) days after receipt of a challenge notice by the receiving party, the receiving party may at any time thereafter seek a Court Order to alter the Confidential status of the Settlement Agreement. The party seeking to alter, or challenge the propriety of, the confidential designation bears the burden of proving that

3

such confidential designation is inappropriate. Until such a Court Order is obtained, the Settlement Agreement shall be treated as confidential.

7. The Settlement Agreement shall not be disclosed by a Party receiving it to any Qualified Person identified in Paragraphs 4(d), 4(e), and/or 4(f) unless and until:

    a) The receiving Party has notified such Qualified Person that the material is confidential and subject to the restrictions imposed by this Order;

    b) The receiving Party has provided such Qualified Person with a copy of this Order; and

    c) The Qualified Person has signed a copy of the Confidentiality Agreement, a copy of which is attached as Exhibit 1.

8. If a witness in a deposition is shown the Settlement Agreement, the witness shall be admonished that such materials are confidential and may not be further disclosed or disseminated to any third person.

9. A disclosure by any Party of the Settlement Agreement: (a) in response to a valid order by a court or other governmental body, or (b) otherwise required by law, shall not be a breach of the terms of this Order; provided however, such Party shall provide prompt written notice, at least ten business days prior to making such disclosure, to all named Parties to this Action enabling such Parties to seek a protective order or to otherwise prevent disclosure.

10. Except as agreed in writing by counsel of record for the Parties, to the extent that the Settlement Agreement is hereafter quoted, attached to, or substantially paraphrased, in any pleading, motion, memorandum, appendix or other judicial filing, counsel shall, upon motion to this Court, file such submission under seal in accordance

4

with the provisions of Federal Rule of Civil Procedure 26(c) and Local Rule 26.2. Disclosure of any portion of the transcript of a deposition which portion reflects or contains information contained in the Settlement Agreement shall be subject to the terms of this Order, and if filed with this Court, shall be filed under seal in accordance with the provisions of Federal Rule of Civil Procedure 26(c) and Local Rule 26.2. No documents may be filed under seal absent a motion, filed and noticed for hearing prior to the due date of the particular filing, showing good cause for sealing a portion of the record in the case. All documents filed under seal pursuant to this Order shall be identified with the caption of this action, a general description of the sealed contents and a statement that the "Contents hereof contain Confidential Information and may only be revealed by Court order or upon written consent of all counsel of record." The Clerk of the Court shall maintain such materials in accordance with the provisions of Federal Rule of Civil Procedure 26(c) and Local Rule 26.2.

        11.    If the Settlement Agreement is used during depositions, in the trial of this Action or during the course of any other judicial hearing, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

        12.    Nothing in this Order shall be construed to affect in any manner the duty to produce or the admissibility at trial of any document, testimony or other evidence in accordance with the Federal Rules of Civil Procedure.

        13.    Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this matter.

14. Nothing in this Order shall preclude either Party from using or disclosing documents or information that it has obtained by means other than the formal or informal provision of information in connection with this Action.

Dated: _____

_____

IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE FIRST MORTGAGE CORPORATION, )<br>)<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>MICHAEL BASER and )<br>AMERICA'S MORTGAGE CHOICE, )<br>LLC   )<br>)<br>)<br>Defendants.   ) | Case No. 07 C 6735<br><br>Judge James B. Moran<br><br>Magistrate Judge Susan E. Cox |

**EXHIBIT 1 TO THE PROTECTIVE ORDER**

I, _____, hereby certify (i) my understanding that a confidential Settlement Agreement is being provided to me pursuant to the terms and restrictions of the Protective Order ("Order") entered by this Court in the above-captioned action, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the District Court of the Northern District of Illinois for purposes of enforcement of the Order. I understand that any violation of the terms of the Order shall be punishable by relief deemed appropriate by this Court.

_____          _____
Signature                                                              Date


_____
Printed Name


_____
Telephone


_____
Email Address


_____
Mailing Address

7

# EXHIBIT B

Document3



Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2006 WL 468015 (N.D.Ill.)  
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 468015 (N.D.Ill.))**

Page 1

**H**Daniels v. Bursey  
N.D.Ill.,2006.  
Only the Westlaw citation is currently available.  
United States District Court,N.D. Illinois, Eastern Division.  
John DANIELS, et al., Plaintiffs,  
v.  
Wayne BURSEY, et al., Defendants.  
**No. 03 C 1550.**

Feb. 23, 2006.

Clinton A. Krislov, Jason Patrick Stiehl, Krislov & Associates, Ltd., Chicago, IL, John J. Koresko, Koresko & Associates, P.C., Bridgeport, PA, for Plaintiffs.
Charles W. Webster, Freeborn & Peters, Daniel John McMahon, Wilson, Elser, Moskowitz, Edelman & Dicker, Jonathan William Coppess, Freeborn & Peters, Lee Thomas Polk, Michael James Mueller, Barnes & Thornburg, Daniel B. Meyer, Kevin Michael O'Hagan, O'Hagan, Smith & Amundsen, L.L.C., Martin G. Durkin, Christopher W. Carmichael, Jennifer Suzanne Oosterbaan, Holland & Knight LLC, Christine G. Lyons, Lynn Hagman Murray, Grippo & Elden, Brian W. Bilcer, Bruce Edward Braverman, Joel S. Feldman, Sidley Austin Brown & Wood LLP, Michael Lawrence Sullivan, Catherine Suzanne Carrigan, Jon Eric Klinghoffer, Steven A. LevyGoldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, IL, Jack E. Robinson, Stamford, CT, Reid L. Ashinoff, Charles Albert Duffield, John I. Grossbart, Stephen McDougallSonnenschein, Nath & Rosenthal, LLP, New York, NY, Barry A. Chasnoff, John F. Gillard, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, TX, Richard S. Order, Axinn, Veltrop & Harkrider LLP, Hartford, CT, for Defendants.

*MEMORANDUM OPINION AND ORDER*

KENNELLY, J.
*1 On November 3, 2005, the Court held John Koresko, an attorney who formerly represented the plaintiffs in this case, in civil contempt of court and fined him $5,000 after Koresko violated-for the second time-an order preventing him from disclosing certain discovery materials. Koresko has moved the Court to reconsider the contempt citation and the protective order itself. For the following reasons, the Court denies Koresko's motion but also denies defendants' motion for sanctions regarding Koresko's filing of his motions.

Facts

On September 29, 2004, in the course of resolving a discovery dispute, the Court ordered the defendants to provide Koresko with a copy of the settlement agreement entered into by the named parties in this case. The agreement contained a provision requiring that its contents be kept confidential. Though Koresko was one of the attorneys of record for the plaintiffs, he had declined to participate in the settlement negotiations conducted by Magistrate Judge Sidney Schenkier and thus did not have a copy of the agreement. Koresko sought a copy of the agreement to determine if he should assert any objections. The Court directed the parties to provide Koresko with the agreement but, pursuant to Federal Rule of Civil Procedure 26(c)(7), the Court specifically ordered Koresko "not to disclose these documents or their contents to any person without first obtaining leave of court on a showing of good cause."*See* Minute Order (dated September 29, 2004).

A month and a half later, Koresko violated the order by attaching a copy of the agreement to a publicly-filed motion asking the Court to allow him to disclose the same agreement. Fortunately, due to the Clerk's common practice at the time (in the days before electronic filing), motions were not entered on the docket until they were presented in open court. For this reason, the Court ordered Koresko's motion to be placed under seal and let Koresko off with a stern rebuke.

On September 20, 2005, however, Koresko violated the protective order a second time by including parts of the settlement agreement in a motion he filed in a case pending in the Pennsylvania Court of Common

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 468015 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2006 WL 468015 (N.D.Ill.))**

Page 2

Pleas. Specifically, Koresko included the first two pages of the agreement, which included a number of recitals, as well as four of the signature pages. The Court, acting upon a motion filed by the defendants, ordered Koresko to show cause why he should not be held in contempt. Koresko defended his actions by arguing that he did not violate the spirit of the Court's order, that he had a constitutional right to disclose the document, and that the parties to the agreement had already disclosed its contents. The Court rejected these arguments and held Koresko in civil contempt and fined him $500. He now asks the Court to reconsider its ruling, repeating the arguments he submitted in response to the initial motion and providing one additional argument he previously declined to present.

Discussion

*2 A motion to reconsider is appropriate when the Court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."*See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id.* By contrast, a motion to reconsider should not be used to reargue previously presented points. *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir.2003). Koresko claims that reconsideration is proper in this case because he waived a second factual hearing to save travel expenses and was unable to fully present their legal arguments at the hearing on November 3, 2005.

Contrary to Koresko's contention, the record reflects that the Court provided him every opportunity to present evidence and case law to show that he should not be held in contempt. After making the show cause order, the Court offered to reconvene the hearing on another day to give Koresko a further opportunity to prepare.[FN1] Koresko declined the offer and opted to proceed directly to the contempt hearing. Though the Court believes it would be acting within its proper discretion to deny the motion on this basis alone, Koresko is a sole practitioner who may have been less able to extend his stay in Chicago and may have felt some pressure-albeit only internal pressure-to proceed with the hearing. As a result, the Court will address the merits of his motion.

> FN1. THE COURT: Now there are two ways we can do this. I can do it now or we can do it later. I know that there are at least two people here from out of town. I think Mr. Order is from Connecticut, and Mr. Koresko, I know, is from Pennsylvania. I am prepared to deal with this today if people are willing to do that. If not, we will put it over to another day on the question of whether there ought to be a contempt finding and, if so, what the sanction ought to be.
>
> I recognize that the arguments that you have made are essentially the same arguments that you are going to make, and so that might be a reason to say, Judge, we are willing to let you go ahead and do this now, but I don't want to force that upon anybody. If somebody wants to have a little bit more time to marshal evidence, materials, or whatever, I am happy to give you time to do that.
>
> So you are the first person I asked that question to.
>
> MR. KORESKO: There is no reason to have another hearing.
>
> Nov. 3, 2005 Tr. at 45-46.

Koresko first argues that the Court improperly imposed punitive sanctions for past conduct in a civil contempt proceeding. For his argument, he cites *Taylor v. Teledyne Techs.*, 338 F.Supp.2d 1323 (N.D.Ga.2004), in which the court declined to impose civil contempt sanctions on an attorney who violated a discovery sanction. The court said that "in civil contempt proceedings, a court cannot punish the subject of the action for his past violations of the order; instead it must create prospective sanctions to induce compliance with the order." *Id.* at 1346.

Koresko's reliance on *Taylor* is unpersuasive, for two reasons: first, the case is not controlling in this Circuit; and second, the Court did not punish Koresko for his past conduct. Rather, it ordered him

Case 1:07-cv-06735   Document 47-2   Filed 07/02/2008   Page 12 of 13

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 468015 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 2006 WL 468015 (N.D.Ill.))

Page 3

to provide compensation to the court for the time it took to resolve the two-hour motion. The Seventh Circuit has approved such sanctions. *See Maynard v. Ngyren,* 332 F.3d 462, 470 (7th Cir.2003); *United States v. Dowell,* 257 F.3d 694, 700 (7th Cir.2001) (approving civil contempt fine designed to compensate court for actual losses sustained as a result of attorney's conduct).

Koresko next argues that the Court's September 29, 2004 order was ambiguous and that under one reasonable interpretation, his conduct did not violate the order. He claims that the Court instructed him not to disclose the "contents" of the agreement, which he interpreted to mean "the guts" or substance of the agreement. Because he only disclosed the recitals and signature pages, he argues, he did not disclose the contents. The Court rejects this argument. First, part of what Koresko disclosed was substantive-namely, the recitals-which the settlement agreement specifically described as "material." *See* Nov. 3, 2005 Tr. at 22-23. Second, the Court's order prohibited disclosure of the "documents *or* their contents" (emphasis added). Therefore, regardless of the substantive value of the information Koresko disclosed and whether it should be considered content, he unquestionably violated the order when he attached six pages of the settlement agreement to a motion filed in a Pennsylvania state court.

*3 Koresko also argues that the Court's order was ambiguous because on September 16, 2004, the Court discussed in open court a hypothetical protective order and declined to say whether that order would prevent Koresko from attaching the agreement to a counterclaim. The Court agrees with defendants' comment in their response brief: "Neither this exchange, nor any other extrinsic statement by the Court, which [did] not explicitly refer to the Order in question, [could] reasonably limit or obscure the Order's obviously broad scope."Def. Resp. at 8. In fact, the order had not even been entered at that point. Once entered, the order was clear and did not contain any such ambiguity.

Koresko next argues that he should not have been held in contempt because the defendants already disclosed the signatories and other terms of the agreement. Putting aside whether someone else's comparable behavior is relevant to this motion, Koresko has not shown that the defendants previously disclosed the signatories or recitals. He cites the attachments to his response to defendants' motion for contempt, which purportedly set forth in detail "the multiple disclosures made by the [d]efendants," but upon examination, none of the attachments disclose more than the existence of a settlement, the parties involved, and the fact that the settlement did not preclude other class members from pursuing their claims. Koresko has not shown that the defendants disclosed the recitals, the signatories to the agreement, or any other substantive matter contained in the settlement agreement.

Koresko also argues that his disclosure was protected by his First Amendment and federal common law right to access documents used in civil proceedings. *See Grove Fresh Distributors, Inc. v. John Labatt Ltd.,* 24 F.3d 893, 897 (7th Cir.1994); *In re Cont'l Ill. Sec. Litig.,* 732 F.2d 1302, 1308-09 (7th Cir.1984)."The public's right of access to court proceedings and documents is well-established."*Grove Fresh,* 24 F.3d at 897. Openness in court proceedings and the documents presented therein fosters societal respect for the rule of law, public scrutiny of judges and litigants, and more accurate fact-finding. *Id.*

Though the First Amendment protects the public's access to documents submitted to a court in the course of adjudicatory proceedings, the settlement agreement was not such a document. And though Koresko obtained the agreement in the course of the litigation via the rough equivalent of a discovery request, the right of public access does not ordinarily extend to materials obtained during discovery. *See Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984); *Grove Fresh,* 24 F.3d at 897-98 ("[M]aterial uncovered during pretrial discovery is not ordinarily within the scope of press access."). In *Seattle Times,* the Court upheld a trial court's protective order limiting the dissemination of names and addresses of members of a controversial religious group obtained during discovery, after the plaintiffs showed that the group's members could be subject to harassment and reprisal.*Seattle Times,* 467 U.S. at 26-27. The Court said that "pretrial depositions and interrogatories are not public components of a civil trial" and "were not open to the public at common law."*Id.* at 33.It went on to hold that a protective order does not violate the First Amendment if it is entered "on a showing of good

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 468015 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 2006 WL 468015 (N.D.Ill.))

Page 4

cause ... is limited to the civil discovery, and does not restrict the dissemination of the information if gained from other sources."*Id.* at 37.

*4 In this case, the Court allowed discovery of the settlement agreement, but issued a protective order on a showing of good cause, namely, the strong public policy favoring the settlement of claims. See *Hasbrouck v. BankAmerica Housing Serv., 187 F.R.D. 453, 458 (N.D.N.Y.1999)* (finding good cause to issue protective order against dissemination of **confidentialsettlement** agreement); *Kalinauskas v. Wong, 151 F.R.D. 363, 365-67 (D.Nev.1993)* (upholding protective order that prevented disclosure of substantive terms of settlement agreement). The Court issued the protective order, in part, because many litigants would be much less inclined to enter into settlement agreements if they were subject to being made public. See *Kalinauskus, 151 F.R.D. at 365*. Consequently, the Court's protective order did not violate Koresko's First Amendment rights.[FN2] *Seattle Times, 467 U.S. at 33*.

> FN2. Neither was the protective order an unconstitutional prior restraint on speech. See *Seattle Times, 467 U.S. at 33*.

Koresko also claims that the protective order violated his common law right to access court documents. A number of circuits have stated or specifically held, in the wake of *Seattle Times,* that the common law right to access only extends to those documents on which a court relies in adjudicating the litigants' substantive rights. See *Chic. Tribune Inc. v. Bridgestone/Firestone Inc., 263 F.3d 1304, 1312-13 (11th Cir.2001); Smith v. U.S. Dist. Court for the S. Dist. of Ill., 956 F.2d 647, 650 (7th Cir.1992); Anderson v. Cryovac, Inc., 805 F.2d 1, 13 (1st Cir.1986)*. Because the Court did not rely on the settlement agreement to adjudicate the parties' substantive rights, Koresko's common law right to access did not allow him to disclose the document.

For the same reasons it issued the September 29, 2004 protective order, the Court declines to vacate that order at this time. The parties to the agreement bargained for confidentiality, and there is a strong public policy favoring out-of-court settlements. Absent proof that circumstances have changed, the protective order shall remain in place.

Finally, the Court denies defendants' motion for sanctions, in which they contend Koresko's motion to reconsider was frivolous. Though, as noted earlier, Koresko had largely presented his arguments at the time of the contempt finding, the Court has chosen to address the motion on its merits, so that Koresko would have the opportunity to develop his arguments against a contempt finding, which is undeniably a matter of grave seriousness.

Conclusion

For the foregoing reasons, the Court denies Koresko's motion to reconsider its November 3, 2005 ruling holding Koresko in civil contempt and its September 29, 2004 order preventing Koresko from disclosing the settlement agreement [docket nos. 427 & 430], as well as defendants' motion for sanctions [docket no. 441].

N.D.Ill.,2006.
Daniels v. Bursey
Not Reported in F.Supp.2d, 2006 WL 468015 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.