## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| The First Mortgage Corporation, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>Michael Baser and America's Mortgage )<br>Choice, LLC )<br>)<br>Defendants. ) | Case No. 07 cv 6735<br>Judge James B. Moran<br>Magistrate Judge Susan E. Cox |

## DEFENDANT MICHAEL BASER'S RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant Michael Baser ("Baser") objects to the protective order proposed by the plaintiff relating to the use of a certain Settlement Agreement between the plaintiff and co-defendant, America's Mortgage Choice, LLC, for the following reasons:

1. Upon information and belief, the Settlement Agreement provides for a $25,000 settlement and contains general, unconditional releases in favor of both defendant Baser and defendant America's Mortgage Choice, LLC.

2. The plaintiff does not dispute that the Settlement Agreement is subject to discovery pursuant to the subpoena issued by defendant Baser. However, the plaintiff wishes to impose burdensome restrictions on the use of critical release language contained in the Settlement Agreement that affects Baser's substantive rights, is essential to his continued livelihood, and is evidence in a state court action by Baser

against the plaintiff arising under the parties' Shareholder Agreement.

3. Plaintiff has not established "good cause" under FRCP 26(c) for the entry of a burdensome protective order. Plaintiff fails to demonstrate that the Settlement Agreement contains trade secrets, confidential business information, or any information that would be harmful to the plaintiff if seen by third parties. If plaintiff's concern is the amount of the settlement, redaction of certain information contained within the Settlement Agreement is a way to address plaintiff's concerns. See *Arenson v. Whitehall Convalescent and Nursing Home, Inc.*, 161 F.R.D. 355 (N.D. Ill. 1995).

4. The general release language in the Settlement Agreement is critical to Baser's substantive rights and continued livelihood. Baser is no longer employed by defendant America's Mortgage Choice, LLC. Baser is seeking employment elsewhere in the mortgage industry. He is required to disclose the pending litigation, including the pending state law claims, to prospective employers. The general release language contained in the Settlement Agreement is dispositive of the state law claims pending in this litigation. Baser is entitled to demonstrate to prospective employers, by showing them the Settlement Agreement containing the unqualified general release language, that he has been released by the plaintiff for all claims arising from the Shareholders' Agreement, the covenants not to compete contained therein, and the state law claims currently pending in this litigation.

Contrary to the representations made in plaintiff's motion for protective order at paragraph 12, plaintiff's proposed protective order does not provide a way for Baser to

disclose the Settlement Agreement to prospective employers. Under the proposed protective order, Baser must first obtain *written agreement* from *both* the plaintiff and co-defendant, America's Mortgage Choice, LLC or seek an order from this Court. This mechanism is unduly burdensome. This mechanism means that every time Baser has a scheduled job interview, he must come running to this Court seeking permission to show a prospective employer the general release.

Furthermore, plaintiff's proposed mechanism allows both the plaintiff and co-defendant, America's Mortgage Choice, to be notified beforehand of the prospective employer before the job interview. Their mechanism allows the plaintiff and co-defendant to contact the prospective employer and intervene in what should otherwise be a confidential process.

5.  The burden is on the plaintiff to show "good cause" not only for the protective order, but also for the burdensome mechanism included in such an order relating to the use of any document. *Culinary Foods, Inc. v. Raychem Corporation*, 151 F.R.D. 297, (N.D. Ill. 1993). It is widely held by federal courts that purported trade secrets and other confidential commercial information, including settlement agreements, are not automatically protected from disclosure without a showing of good cause.

6.  The case relied upon by the plaintiff, *Daniels v. Bursey*, 2006 W.L. 468015 (N.D. Ill. 2006) is not controlling, and in fact supports Baser's position. The primary focus in *Daniels* was the conduct of an attorney who violated a previously entered protective order preventing the disclosure of the substantive terms of a settlement

agreement between other parties. Even though the settlement agreement was disclosed to the attorney and his client through discovery within the litigation itself, the attorney disseminated the settlement agreement to third persons.

The court in *Daniels* went to great lengths to point out that the settlement agreement at issue did not affect the substantive rights of the attorney's client. This case is entirely different. In exchange for a $25,000 settlement from co-defendant America's Mortgage Choice, plaintiff released its state law claims against Baser in the Settlement Agreement with general, unqualified release language. Therefore, the Settlement Agreement between the plaintiff and co-defendant America's Mortgage Choice affects Baser's substantive rights for purposes of the pending litigation in this Court, his rights with respect to potential future litigation against the plaintiff in state court, and the substantive rights of any potential future employer.

7.  Indentured servitude ended with the War Between the States. The mortgage industry is currently in a frenzy to maintain "ownership" of the people employed by the main mortgage brokerage companies. There are no trade secrets or confidential information entitled to legal protection in this case, or in the mortgage industry in general. Defendant Michael Baser is not "owned" by the plaintiff, and the plaintiff is attempting to unduly restrict and burden Baser's ability to work in the mortgage industry. Plaintiff has not shown "good cause" for its proposed protective order, and this Court should deny plaintiff's motion.

WHEREFORE, defendant Michael Baser respectfully requests that this Court

deny plaintiff's motion for protective order and further order that co-defendant America's Mortgage Choice, LLC produce the Settlement Agreement pursuant to subpoena, which was returnable on July 3, 2008.

                                        Respectfully submitted,

                                        */s/ Norman J. Lerum*
                              Norman J. Lerum, Attorney for Defendant
                              Michael Baser

Norman J. Lerum, Esq.
Norman J. Lerum, P.C.
100 West Monroe Street/Suite 2100
Chicago, IL 60603-1913
ARDC # 1622854
Telephone:   312/782-1087
Facsimile:    312/782-3773